UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RUBINA SHAHEEN, M.D.,                                                    04-CV-0705E(Sr)

           Plaintiff,

    -vs-

DR. JOHN NAUGHTON,                                         MEMORANDUM
DR. MICHAEL NOE, M.D.,
DR. ROSEANNE BERGER,                                                  and
DR. THOMAS ROSENTHAL and
DR. DANIEL MORELLI,                                                    ORDER[1]

          Defendants.

---

       Plaintiff Rubina Shaheen, M.D., a female physician of Pakistani descent, commenced this discrimination action on September 3, 2004 pursuant to 42 U.S.C. §§1981 and 1981a and the Fourteenth Amendment of the United States Constitution. Plaintiff alleges that, on account of her race and in retaliation for her previous complaints, defendants interfered with her attempt to find new employment subsequent to her termination from the Family Practice Medical Residency Program (the "Program") at the State University of New York at Buffalo School of Medicine and Biomedical Sciences (the "Medical School"). In particular, plaintiff claims that defendants provided only negative recommendations to other residency programs to which she has applied. Plaintiff brought this suit against

---

[1] This decision may be cited in whole or in any part.

Dr. Michael Noe, President of the University Medical Residency Services, and four employees of the Medical School — to wit, (1) Dr. John Naughton, Dean and Vice President of Clinical Affairs of the Medical School, (2) Dr. Roseanne Berger, Associate Dean of the Medical School, (3) Dr. Thomas Rosenthal, Chairman of the Program at the Medical School, and (4) Dr. Daniel Morelli, Program Director and Vice-Chairman of the Program at the Medical School (collectively "State Defendants").  Defendant Noe moved for summary judgment on August 9, 2005 and State Defendants moved for summary judgment on August 15, 2005.  Defendants claim that plaintiff cannot demonstrate that any of them were involved in any alleged negative recommendations subsequent to her termination from the Program.[2]  For the reasons set forth below, defendants' motions will be granted and plaintiff's claims will be dismissed.

The facts, in the light most favorable to plaintiff — the non-moving party —, are found as follows and are undisputed except where otherwise noted.  Plaintiff commenced her residency in the Program in 1994 and remained in the Program until her termination on August 16, 1996.  Plaintiff was terminated pursuant to a finding that she had sexually harassed a male intern.  On December 24, 1996 plaintiff — along with Vijaykumar R. Boinapally — commenced an action before

---

[2]State Defendants also claim that plaintiff's claims of conduct prior to September 3, 2001 are time-barred.  The Court does not find it necessary to address this issue as plaintiff's claims will be dismissed on other grounds.

the Court alleging that her termination was due to her Pakistani national origin and thus was discriminatory. *See Boinapally* v. *Univ. Med. Resident Servs., Inc.*, 96-CV-0867E(H). Plaintiff failed to appear for her deposition and the undersigned dismissed plaintiff's claims without prejudice on May 10, 1999. Plaintiff, on September 4, 2003, moved to reopen the case, which the undersigned denied on October 17, 2003 for being untimely.

     In the instant action, plaintiff is not addressing the reasons for her termination, but rather defendants' allegedly retaliatory actions in response to her seeking employment with other residency programs subsequent to her termination. Plaintiff contends that defendants must have submitted negative evaluations to the residency programs to which she has applied because she has not been accepted to any residency program. In support of her contention, plaintiff claims that defendants, as her superiors at the Medical School, were the only ones who could evaluate her performance. As such, if a residency program to which she has applied and from which she has been rejected sought a performance evaluation from the Medical School, defendants were the only doctors who could provide such. Because she was rejected from every residency program to which she has applied, plaintiff claims that the evaluations must have been negative to further defendants' allegedly discriminatory purpose. No other

allegations have been asserted and no evidence in support of her allegations has been introduced.[3]

Summary judgment may be granted if the evidence offered shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FRCvP 56(c). There is no genuine issue for trial unless the evidence offered favoring the non-moving party would be sufficient to sustain a jury's verdict for that party. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, when reasonable minds could not differ as to the outcome of an issue, summary judgment is appropriate on that issue. *Id.* at 251-252. The moving party initially bears the burden of showing that no genuine issue of material fact is present but the opposing party must then "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250. If the non-moving party fails to establish, after a reasonable opportunity for discovery, the existence of an element essential to that party's claim and on which it will bear the burden of proof at trial, summary judgment is appropriate because such failure to establish an essential element of the case renders all other facts immaterial. *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-323 (1986).

---

[3] Plaintiff moved on June 30, 2005 to amend the Scheduling Order. The undersigned reserved judgment on plaintiff's motion as plaintiff has been the cause of any and all delays in the discovery process. This Order's granting of defendants' motions for summary judgment and dismissal of plaintiff's claims moots plaintiff's pending motion.

When assessing the record in making a summary judgment determination, a court must view all ambiguities and factual inferences in the light most favorable to the non-moving party. *Adickes* v. *S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, the non-moving party "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." FRCvP 56(e); *Gottlieb* v. *County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

To establish a *prima facie* case of retaliation under 42 U.S.C. §1981, plaintiff must show that (1) she was engaged in a protected activity, (2) defendants were aware of her participation in the protected activity, (3) defendants took an adverse action against her and (4) a causal connection existed between the protected activity and the adverse action. *Cook* v. *CBS, Inc.*, 47 Fed. Appx. 594, 596 (2d Cir. 2002). Assuming *arguendo* that plaintiff was engaged in protected activity of which defendants were aware — *viz.*, the 1996 lawsuit —, plaintiff must show that defendants took an adverse action against her and that there was a causal connection. "This causal connection may be shown (i) indirectly by showing that the adverse employment action followed closely in time after the protected activity, (ii) through other indirect evidence such as similar treatment of other employees who engaged in similar activity, or (iii) directly through evidence of retaliatory animus directed at the plaintiff." *Monahan* v. *United*

*Techs. Corp, Pratt & Whitney Div.*, 1997 U.S. App. LEXIS 12278, at *5 (2d Cir. 1997) (citation omitted).  Plaintiff cannot carry her burden.

First, plaintiff cannot show that defendants took an adverse action against her.  Plaintiff has no evidence that any defendant was directly contacted by the residency programs to which she has applied nor does she have any evidence that any defendant, if so contacted, responded negatively, if at all.  Plaintiff merely claims that her overwhelming rejections must be due to some retaliatory conduct on the part of defendants, meanwhile ignoring equally viable theories such as her possible lack of qualifications.  Summary judgment cannot be defeated on the basis of conjectures without any suggestion of evidence in support of them.  *See Anderson*, at 248; *Celotex*, at 322-323.

Moreover, assuming *arguendo* that defendants provided negative evaluations to the residency programs, plaintiff does not assert and cannot show that there was a causal connection between her 1996 suit and the negative evaluations.  Plaintiff does not allege when the adverse employment actions occurred and therefore does not allege a causal connection based on temporal proximity.  Additionally, she does not compare the way in which she has been treated to that of others and does not provide any direct evidence of a causal connection. *See Monahan*, at *5.  Plaintiff, therefore, does not meet her *prima facie* burden and her claims will be dismissed.

Accordingly, it is hereby **ORDERED** that defendant Noe's Motion for Summary Judgment is granted, that defendants Naughton's, Berger's, Rosenthal's and Morelli's Motion for Summary Judgment is granted, that plaintiff's Motion to Amend the Scheduling Order is moot, that plaintiff's claims are dismissed and that the Clerk of the Court shall close this case.

DATED:   Buffalo, N.Y.

        November 3, 2005

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.